No. 22717.

The People of the State of Colorado *v.*
Robert L. McMichael
(434 P.2d 417)

Decided October 30, 1967.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, L. James Arthur, Assistant, for People.

John F. McGrath, for respondent.

*En Banc.*

Per Curiam

Mr. McMichael:

You have been charged with performing your professional duties in the Estate of Ida O. Hendrickson, a mental incompetent, in such a way as to be contrary to the highest standards of honesty, justice, and morality. The matter was referred to our Grievance Committee, which held a hearing and made its report to us and recommended public censure. You filed no exceptions.

Thereafter, the Court ordered that you be suspended, whereupon you then filed a petition for rehearing, which the Court granted. The Court also at that time vacated its order of suspension.

The Court has now considered the briefs filed upon rehearing and has again reviewed the record in this matter, as well as the findings and recommendations of our Grievance Committee.

The Grievance Committee found that during the fifteen years you were acting in this estate, you had on three occasions commingled funds of the estate with your own and had used these funds for your own purposes. The Committee further found that you filed a final report stating that you had made certain payments, when in truth and in fact, you had not made those payments at the time you filed the report. The Committee's findings are certainly supported by the record.

You point out on this rehearing that all the sums which the Committee found you used to your own purposes were in fact repaid to the estate and that you also paid the two creditors of the estate upon whose unpaid debts the false final report charge was based. You say that the estate is completely whole and has not lost anything by your actions. The Court did not have this information at the time of its original determination of this matter. Nevertheless, these facts do not justify your breaking the commandment to attorneys which this Court has etched immutably in stone and which every lawyer should always remember — Thou shalt not mingle thy client's funds with thine own or use them for thine own purposes.

■ Mr. McMichael, upon rehearing, the Court has determined that it is now in possession of additional information concerning you, and therefore adopts the original recommendation of the Grievance Committee that you be given a public reprimand. You are, therefore, publicly reprimanded for your derelictions of duty with respect to the matter before the Court. You are

solemnly warned that a repetition of these violations or any other breach of your duty as a lawyer will be sufficient cause for suspension or disbarment. You are assessed costs in this matter in the sum of $160.24, which you are directed to pay into the registry of the Court within 60 days.

That will be all, Mr. McMichael. You are dismissed.